**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PAULA LEONARD, )<br><br>Plaintiff, )<br><br>vs. )<br><br>COLLECTO, INC. d/b/a EOS CCA, )<br><br>Defendant. ) | **Civil Action No.**<br><br><br>**Jury Trial Demanded** |

## COMPLAINT

### NATURE OF ACTION

1.      This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, and Defendant transacts business in this district.

### PARTIES

4.      Plaintiff Paula Leonard ("Plaintiff") is a natural person.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant Collecto, Inc. d/b/a EOS CCA ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

9.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely, personal student loans (the "Debt").

10.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11.     In connection with the collection of the Debt, Defendant placed a call to Plaintiff's place of employment on July 9, 2013, and at such time, left the following voicemail message:

> This message is for Paula Leonard.  If you are not Paula Leonard please hang up and call 866-880-9685 so I can remove this number from our records.  By listening to this message you are acknowledging that you are Paula Leonard.  This message contains personal and private information.  If you can please give us a call back at 866-880-9685 my extension is 14848.

12.     Defendant's July 9, 2013 voicemail message failed to notify Plaintiff that the communication was from a debt collector.

13.     Further, Defendant failed to disclose its true corporate and/or business

name in its July 9, 2013 voicemail message.

14.     By failing to disclose that the communication was from a debt collector, and further, by failing to disclose its true corporate and/or business name in its July 9, 2013 voicemail message, Defendant failed to meaningfully disclose its identity to Plaintiff.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

15.     Plaintiff repeats and re-alleges each and every factual allegation above.

16.     Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(11)

17.     Plaintiff repeats and re-alleges each and every factual allegation above.

18.     Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

19.     Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

PAULA LEONARD

By her attorneys,

/s/ John F. Skinner
John F. Skinner (BBO # 676768)
Skinner Law PLLC
530 Chestnut Street., 3rd Floor
Manchester NH 03101
Telephone: 603-622-8100
Facsimile: 888.912.1497
AttorneySkinner@gmail.com

Dated: October 01, 2013

*Co-counsel with* WEISBERG & MEYERS, LLC

5025 N. Central Ave. #602
Phoenix, AZ 85012
Not admitted before this Court
ECF@ATTORNEYSFORCONSUMERS.COM

Dated: October 01, 2013